UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAT TECH INC., | § | |
| | § | CIVIL ACTION NO. H-05-3050 |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | JUDGE KEITH P. ELLISON |
| TUBEMASTER, INC., | § | |
| | § | JURY DEMANDED |
| Defendant. | § | |
| | § | |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Cat Tech Inc. ("Cat Tech"), by and through its attorneys, brings this action for patent infringement and declaratory and other relief against Defendant TubeMaster, Inc. ("TubeMaster"), alleging as follows:

### The Parties

1. Cat Tech is a corporation organized and existing under the laws of the State of Texas, with its principle place of business at 1905 Jasmine, Building E, Pasadena, Texas 77503.

2. Upon information and belief, TubeMaster is a corporation organized and existing under the laws of the State of Kentucky, with a principal place of business at 8008 Vinecrest Avenue, Suite 1, Louisville, Kentucky 40222. Upon information and belief, TubeMaster is doing business in this judicial district and elsewhere. TubeMaster may be served with process by serving its registered agent, Cliff Johns, at 8008 Vinecrest Avenue, Suite 1, Louisville, Kentucky 40222.

### Jurisdiction and Venue

3. This civil action for patent infringement, declaratory relief, injunctive relief and damages arises under the patent laws of the United States, Title 35, United States Code, §§ 1, et seq. This Court has exclusive jurisdiction under Title 28, United States Code, particularly §§ 1331 and 1338(a), and §§ 2201 and 2202.

4. Venue is proper under Title 28, United States Code §§ 1391(b) and (c), and 1400(b).

### Cat Tech's Asserted Patent

5. On June 14, 2005, United States Patent No. 6,905,660, entitled "PROCESS FOR LOADING A REACTOR" ("the '660 patent"), was duly and legally issued. The entire right, title and interest to the '660 patent, including the right to sue and recover for past infringement thereof, is assigned to and is owned by Cat Tech. The '660 patent is valid and enforceable. A true and correct copy of the '660 patent is attached hereto as Exhibit A.

### TubeMaster's Activities

6. TubeMaster makes, uses, offers to sell and sells technology services for the catalysis reactor industry.

### Count I: Patent Infringement

7. In a letter dated July 11, 2005, Cat Tech provided TubeMaster with notice and actual knowledge of the '660 patent.

8.  On information and belief, TubeMaster has infringed and is currently infringing the '660 patent by virtue of its activities relating to its "Outage Loading Equipment™ (OLE')."

9.  On information and belief, TubeMaster's infringement has been and continues to be willful and with knowledge.

10. On information and belief, TubeMaster's infringing conduct has caused and will continue to cause Cat Tech to suffer irreparable harm for which Cat Tech has no adequate remedy at law without the issuance of an injunction by this Court.

### Count II:  Declaratory Judgment

11. This is a cause of action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*.

12. Starting in 2004, TubeMaster began to actively advertise and otherwise promote its own catalyst loading services for tubular reactors using devices TubeMaster calls "OLE™ Catalyst Loading Sleeves."  On information and belief, in May of 2005, TubeMaster did provide catalyst loading services to BASF using its OLE™ Catalyst Loading Sleeves.

13. After the initiation of the present patent litigation, TubeMaster continued to advertise and otherwise promote its catalyst loading services for tubular reactors using its OLE™ Catalyst Loading Sleeves.

14. After the initiation of the present litigation, TubeMaster continued to offer for sale catalyst loading services using OLE™ Catalyst Loading Sleeves to certain customers and/or potential customers having tubular reactors located outside of the United States.

15. There exists a true, actual controversy within the meaning of 28 U.S.C. § 2201 between Cat Tech and TubeMaster concerning whether the use of OLE$^{TM}$ Catalyst Loading Sleeves infringes one or more claims of the '660 patent.

16. Cat Tech is entitled to a declaration that the use of OLE$^{TM}$ Catalyst Loading Sleeves to load catalyst into tubular reactors infringes one or more claims of the '660 patent.

## Demand For Jury Trial

17. Cat Tech demands a jury trial on all claims and issues triable of right by a jury.

## Requested Relief

WHEREFORE, Cat Tech prays that this Court enter a judgment:

A. That the '660 patent has been infringed by TubeMaster, and that such infringement has been willful;

B. Preliminarily and permanently enjoining TubeMaster, its subsidiaries, affiliates, parents, successors, assigns, agents, officers and employees, its contractors and all others acting in concert with it, from infringing the '660 patent;

C. Declaring that the use of OLE$^{TM}$ Catalyst Loading Sleeves to load catalyst into tubular reactors infringes the '660 patent.

D. Ordering TubeMaster to pay Cat Tech an amount that adequately compensates Cat Tech for all damages attributable to TubeMaster's infringement, together with pre-judgment and post-judgment interest;

E. Trebling the damages award to Cat Tech as a consequence of TubeMaster's willful infringement;

F. That this case constitutes an exceptional case pursuant to 35 U.S.C. § 285;

G. Awarding Cat Tech its attorneys' fees, costs and expenses; and

H. Granting Cat Tech such other and further relief as this Court deems just and proper.

          Respectfully Submitted,

Date: November 20, 2006    /s/ B. Todd Patterson
          B. Todd Patterson
          Attorney-in-Charge
          Texas Bar No. 00789537
          S.D.T. No. 17583
          Henry Pogorzelski
          Texas Bar No. 24007852
          S.D.T. No. 25382
          Patterson & Sheridan, LLP
          3040 Post Oak Blvd., Suite 1500
          Houston, Texas 77056
          Tel (713) 623-4844
          Fax (713) 623-4846

          ATTORNEYS FOR PLAINTIFF

### Certificate of Service

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this pleading was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed.R.Civ.P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail on the 20th day of November, 2006.

          /s/ Gina Slabbaert
          Gina Slabbaert